# Boyd *v.* The State.

*Indictment for Assault with Intent to Ravish.*

1. *Organization of Grand Jury under special Act for Mobile* —Where the Act regulating the drawing and organization of jurors for Mobile county, (Acts 1886–7, p. 201) provides that twenty four persons shall be summoned as grand-jurors for the City Court, and that of that number it shall be the duty of the court to impanel a grand jury of not less than fifteen ; and further provides for completing the grand-jury by drawing other names, when by absence or excuses allowed, the number is reduced below fifteen, *Held*, the action of the court in ordering ten additional names to be drawn from the jury box, and obtaining therefrom two additional grand jurors, when there were already *sixteen*

3–98.

[Boyd v. The State.]

grand jurors impanelled, after excluding all absentees and excused, was in plain contravention of the statute, and void; and, the indictment found, is consequently void.

FROM Mobile City Court.

Tried before the Hon. O. J. SEMMES.

The appellant was tried and convicted at the November Term, 1892, of the City Court of Mobile, upon an indictment charging him with an assault upon May Pritchard, with the intent to ravish and murder her. He was convicted and, sentenced to six years imprisonment in the State penitentiary. On appeal, the case is reversed upon the record.

LESLIE B. SHELDON and B. B. BOONE, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

HEAD, J.—The act regulating the drawing and organization of jurors for Mobile county (Acts 1886–87, p. 201) provides that twenty-four persons shall be drawn by the jury commissioners, in the manner the act prescribes, to be summoned as grand jurors for the City Court, and of these twenty-four names it shall be the duty of the court to impanel a grand jury of not less than fifteen. If on account of absence, or excuse allowed by the court, the number of grand jurors is reduced below fifteen, the court shall order the clerk to draw, in open court, a number of names which, in the opinion of the court, may be necessary to complete the grand jury, and such persons the sheriff shall be ordered to summon forthwith as grand jurors; and from those who appear the grand jury shall be completed, if enough appear to complete the grand jury up to fifteen; if not, this process shall be continued until the grand jury is completed.

At the November Term, 1892, of the City Court, of the twenty-four persons who had been regularly drawn and summoned as grand jurors, in pursuance of the above stated provisions, twenty appeared, four of whom were excused by the court. The record then recites, "And it appearing to the court that from excuses for good causes the grand jury is reduced to less than eighteen, to-wit, sixteen, the judge of the City Court of Mobile ordered the judge of probate to produce the City Court of Mobile jury box in open court, and that the clerk of the City Court of Mobile draw therefrom ten names, to complete the grand jury, and in compliance with the within order, the clerk of the City Court of Mobile drew from the City Court of Mobile jury box, in open court, ten names to complete the grand jury, and all of

[Henderson v. The State.]

those summoned appeared in court, and out of this drawing, the court obtained the following named jurors, to-wit: Fred S. Cox and John S. Drags; and it now appearing to the court that the grand jury is complete and composed of the following named jurors, to wit," following with the names of the sixteen persons who had originally appeared and the additional persons, viz. Fred S. Cox and John S. Drags, and an order and proceedings organizing these eighteen persons as the grand jury for the term. The indictment in this cause was presented by this body. The organization was in plain contravention of the statute, and void. The indictment is consequently void.—*Cross v. State*, 63 Ala. 40; *Berry v. State, Ib.* 126.

There is manifestly no merit in any of the exceptions reserved to the rulings of the court on the trial; so clearly so that a discussion of them is unnecessary.

Reversed and remanded. Let the prisoner remain in custody until discharged by due course of law.

Reversed and remanded.